THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-50-RJC

| CHRIS ALLEN JONES, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| | ) |
| G.P. TUCKER, | ) |
| H. PETERSON, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e). Plaintiff, who is proceeding pro se, filed a Complaint, (Doc. No. 1), and a Motion to Proceed in Forma Pauperis ("IFP Motion"), (Doc. No. 1-1), on January 30, 2012.

First, with regard to Plaintiff's Motion to Proceed in forma pauperis, on February 13, 2012, the Court entered an Order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 7). To this extent, Plaintiff's motion to proceed in forma pauperis shall be granted.

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

1.  Plaintiff's Claim of Excessive Force Against Defendant Peterson

The pro se Plaintiff Chris Allen Jones is a prisoner of the State of North Carolina, currently incarcerated at Albemarle Correctional Institution. Plaintiff filed this lawsuit against police officer Defendants "G.P. Tucker" and "H. Peterson." Plaintiff does not indicate whether the Defendant officers worked for the Charlotte-Mecklenburg Police Department, but the events giving rise to Plaintiff's claims allegedly occurred in Charlotte, North Carolina.

First, Plaintiff alleges in his Complaint that on May 28, 2008, while in the process of arresting Plaintiff on outstanding warrants, Defendant Tucker jumped out of his police car, sneaked up behind Plaintiff, and grabbed Plaintiff by the neck with a plastic bag around Tucker's hand. (Doc. No. 1 at 4). Plaintiff alleges that he ran away because there were "two warrants out on me." Plaintiff alleges that Defendant Tucker caught up with him, and then beat Plaintiff with a long, black skinny bar at least fifteen times.

Although Plaintiff does not specify a particular claim arising from the alleged beating by Tucker, he is most likely attempting to bring a claim of excessive force. The alleged beating occurred on May 28, 2008. Plaintiff filed this action almost four years later on January 30, 2012. Because there is no explicit statute of limitations for actions brought pursuant to 42 U.S.C. § 1983, courts look to the personal injury statute of limitations from the relevant state. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (citing Wilson v. Garcia, 471 U.S. 261, 266-69 (1985)). In North Carolina, the statute of limitations for personal injuries is three years. See N.C. Gen. Stat. § 1-52(16). Under N.C. Gen. Stat. § 1-52(13), the statute of limitations for claims against public officers acting under color of office is also three years.

Although the statutory limitations period for Section 1983 actions is borrowed from state law, "[t]he time of accrual of a civil rights action is a question of federal law." Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975). "Federal law holds that the time of accrual is when plaintiff

knows or has reason to know of the injury which is the basis of the action." Id.; see Urie v. Thompson, 337 U.S. 163, 170 (1949) (noting that "statutes of limitations . . . conventionally require the assertion of claims within a specified period of time after notice of the invasion of legal rights"); Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir. 1983) (noting that the statute of limitations "does not begin to run until the plaintiff discovers, or by the exercise of due diligence should have discovered, the facts forming the basis of his cause of action").

The Court first finds that a three-year statute of limitations applies to Plaintiff's excessive force claim. Here, Plaintiff's excessive force claim accrued on May 28, 2008, when Defendant Tucker allegedly beat him. Plaintiff did not file this action until almost four years later; thus, Plaintiff's excessive force claim is time-barred, and the Court will dismiss this claim with prejudice. See Jones v. Bock, 549 U.S. 199, 215 (2007) (noting that in an initial review under § 1915(e) of the PLRA, "[i]f the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . .").

2.  Plaintiff's Claim that Defendants Gave Perjured Testimony at Plaintiff's Trial

Next, Plaintiff alleges that the Defendant police officers provided perjured testimony at his trial on December 14, 2009.[1] This claim, however, provides no basis for relief, as it is well settled that 42 U.S.C. § 1983 does not authorize the assertion of a claim against a witness for committing perjury during state court proceedings. Briscoe v. LaHue, 460 U.S. 325 (1983). "[I]n litigation brought under 42 U.S.C. § 1983 . . ., all witnesses–police officers as well as lay witnesses–are absolutely immune from civil liability based on their testimony in judicial proceedings." Id. at 328 (citation omitted). Thus, within the context of a 42 U.S.C. § 1983

---

[1] Plaintiff does not indicate what criminal charges were brought against him. The North Carolina Department of Correction website indicates that Plaintiff is currently incarcerated after being convicted on January 7, 2010, of being a habitual felon.

action, Plaintiff's perjury claim against Defendants is subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Motion to Proceed in District Court without Prepaying Fees or Costs, (Doc. No. 1-1), is **GRANTED**;

2. The Clerk of Court, however, shall refrain from issuing process for Defendants because the Court has conducted its initial review and determined that Plaintiff is not entitled to proceed with this action;

3. Plaintiff's Complaint is **DISMISSED** in its entirety for the reasons stated herein. The Clerk is directed to close the case.

**IT IS SO ORDERED**.

Signed: May 30, 2012

Robert J. Conrad, Jr.
Chief United States District Judge